# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROD SLAPPY-SUTTON, and JEAN SUTTON, h/w,<br>　　　　Plaintiff,<br><br>　　v.<br><br>SPEEDWAY LLC,<br>　　　　Defendant. | CIVIL ACTION<br><br><br>NO. 16-4765 |

DuBois, J.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　June 22, 2018

**M E M O R A N D U M**

## I.　　INTRODUCTION

This action arises out of a slip and fall that occurred as plaintiff Rod Slappy-Sutton ("plaintiff")[1] was exiting a Speedway convenience store on January 19, 2016, in Glenside, Pennsylvania. Plaintiff alleges in the Complaint that he tripped and fell on an unmarked curb in front of the entrance of the Speedway, causing him to fall and rupture his left and right quadriceps. Presently before the Court are Defendant's, Speedway LLC, Motion for Summary Judgment and Defendant's, Speedway LLC, Motion to Preclude the Testimony of Keith A. Bergman, P.E. For the reasons that follow, Defendant's Motion for Summary Judgment is granted and the Motion to Preclude is denied as moot.

## II.　　BACKGROUND

On January 19, 2016, plaintiff, his wife, and their 15-year-old son stopped to get gas for their vehicle at the Speedway convenience store in Glenside at approximately 6:30 p.m. Def.'s SOF ¶ 4; Pls.' SOF ¶ 4. After re-fueling his vehicle, plaintiff and his son walked towards the convenience store to purchase hot dogs and a pack of gum. Def.'s SOF ¶ 10; Pls.' SOF ¶ 10. As

---

[1] The Court notes that Jean Sutton, Rod Slappy-Sutton's wife, is also named as a plaintiff in the case. There is no reference to Jean Sutton in this Memorandum.

he exited the store, plaintiff misjudged the step down from the curb to the parking lot, causing him to fall. Def.'s SOF, Ex. 2, 136:11–13, 141: 1.

Speedway purchased the convenience store from Hess Corporation on October 1, 2014. Def.'s SOF ¶ 5 n.3. Plaintiff had visited the store on one or two prior occasions before the incident on January 19, 2016. [2] Def.'s SOF ¶ 5; Pls.' SOF ¶ 5. In October 2015, Speedway upgraded the tank monitoring system for the underground fuel storage tanks. Def.'s SOF ¶ 27; Pls.' SOF ¶ 27. In order to run electronic telecommunication lines from the underground storage tanks to the store, a one foot wide trench was excavated from the tanks to the store, a portion of which was in front of the curb at the entrance to the store. Def.'s SOF ¶ 28; Pls.' SOF ¶ 28. Prior to that upgrade, the pavement in front of the curb was paved with asphalt. *Id.* Following the upgrade, the store paved over the one foot wide strip with concrete. *Id.* That upgrade left the curb and the one foot strip extending beyond the curb paved with concrete. Plaintiff claims that Speedway knew or should have known that the failure to cover the one foot strip of cement with black macadam or to paint the edge of the curb white or yellow to distinguish the curb from the cement strip below created a hazardous condition. Pls.' SOF ¶ 41.

Plaintiffs filed this lawsuit in the Court of Common Pleas of Montgomery County on August 1, 2016. Defendant removed the action to this Court on August 31, 2016. The Complaint contains two counts – negligence (Count I) and loss of consortium (Count II).

**III. LEGAL STANDARD**

    **A. Motion for Summary Judgment**

The Court will grant a motion for summary judgment if "the movant shows that there is

---

[2] The parties dispute whether plaintiff's prior visits to the store occurred before or after the change in ownership of the Speedway.

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "[T]he judge's function is not himself to weight the evidence and determine the truth of the matter but to determine whether . . . there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249. The existence of a "mere scintilla" of evidence in support of the nonmoving party is insufficient. *Id.* at 252. In considering a motion for summary judgment, "the [C]ourt is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 467 F.3d 180, 184 (3d Cir. 2007).

### B. Negligence and Premises Liability

"The elements necessary to plead an action in negligence are: the existence of a duty or obligation recognized by law; a failure on the part of the defendant to conform to that duty, or a breach thereof; a causal connection between the defendant's breach and the resulting injury; and actual loss or damage suffered by the complainant." *Orner v. Mallick*, 527 A.2d 521, 523 (Pa. 1987).

Under Pennsylvania law, possessors of a premises "owe a duty to protect invitees from foreseeable harm;" that is, possessors owe a duty when the possessor "knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee." *Craig v. Franklin Mills Assocs., L.P.*, 555 F. Supp. 2d 547, 549 (E.D. Pa. 2008) (quotation marks and citations omitted)). To show that the

possessor of the premise knew or, through reasonable care, should have known of the harmful condition, the invitee must present evidence that the possessor "had a hand in creating the harmful condition," had actual notice, or had constructive notice of the harmful condition. *Estate of Swift v. Ne. Hosp. of Phila.*, 690 A.2d 719, 723 (Pa. Super. Ct. 1997) (citation omitted).

### IV. DISCUSSION

Defendant argues that the curb at the entrance to the convenience store is not a dangerous condition and therefore, defendant cannot be liable.[3] In the alternative, defendant contends that, if the Court concludes the curb constituted a dangerous condition, the condition was open and obvious and could have been avoided in the exercise of due care.

Plaintiff argues that after the construction work by Speedway, the material used for the curb and the pavement below—concrete—was the same color. On this issue, plaintiff states that the color of the curb created an "optical illusion which deceives patrons . . . as to the exact whereabouts of that curb." Pls.' Resp. Mot. Summary Judgment at 13.

The question presented is whether the curb constituted a dangerous condition and, if so, whether that condition was open and obvious. The Court concludes that the curb and pavement did not create an unreasonable risk of harm—that it was not a dangerous condition—and that it was open and obvious.

Plaintiff's "ability to produce evidence of a dangerous or hazardous condition is the crux of a premises liability action involving a slip-and-fall." *Carter-Butler v. Target Store #2596*, No. 14-CV-4030, 2016 WL 8716338, at *3 (quoting *Daniels v. Sears and Sears Roebucks and Company*, No. 15-CV-4821, 2016 WL 521205, at *3 (E.D. Pa. Feb. 10, 2016)). Only upon a showing that a dangerous condition exists can plaintiff prove that the premises owner knew of or

---

[3] Speedway concedes plaintiff was a business invitee on its property. Def.'s Mot. Summary Judgment at 4.

4

should have known of such condition. *Id.* (citing *Zito v. Merit Outlet Stores*, 647 A.2d 573, 575 (Pa. Super. Ct. 1994)).

In arguing that the curb presented a dangerous condition, plaintiff relies primarily on the testimony of his expert, Keith Bergman, who concluded that Speedway failed to maintain the curb in a proper state of repair, in violation of the International Property Maintenance Code Section 302.3 applicable to Cheltenham Township, where the Speedway convenience store was located. Plaintiff also relies on photographs of the curb which he argues "clearly show a dangerous and defective condition." Pls.' SOF ¶ 41. Finally, plaintiff claims that "the discoloration threw [him] off" and that he "looked down and [he] missed the curb." Def.'s SOF, Ex. 2, 136:11–13, 141: 1.

After examining the photographs, the Court concludes that the curb is one that an invitee should normally expect to encounter. It was not a dangerous condition. *See e.g.*, *Thurwanger v. Target Corporation*, No. 14-cv-243, 2015 WL 137251, at *3 (E.D. TX. Jan. 9, 2015) (granting summary judgment for defendant because unmarked curb was not a dangerous condition); *Thompson v. Chick-Fil-A, Inc.*, 923 So.2d 1049, 1053 (Miss. Ct. App. 2006) ("We fail to see that the mere existence of the unmarked curb created a dangerous condition."); *Bonner v. Southern Restaurant Group, Inc.*, 610 S.E.2d 129, 133 ("To the extent [plaintiff] asserts that the curb was 'defective' because it was the same color as the curb apron, she has not produced evidence sufficient to create a jury issue.").

Plaintiff's expert relies on a generic provision of the International Property Maintenance Code which requires business owners to keep curbs and sidewalks in a proper state of repair, free from hazardous conditions. Notably, the Cheltenham Township Building Code requires repair of sidewalks and curbs, with *inter alia*, "multiple cracks, spalling, visible signs of integrity and

5

degradation," but does not impose any requirements on business owners to distinguish between the color of the curb and the pavement below. Def.'s Mot. to Exclude the Proposed Testimony of Keith Bergman, Ex. 16; *see e.g.*, *Stockstill v. Wal-Mart Stores, Inc.*, 2006 WL 1722284, at *3 (S.D. Miss. June 21, 2006) (expert's reliance on generic provision of building code insufficient to create genuine issue of material fact as to whether defendant's failure to "use visual clues such as color variations to warn pedestrians of what is considered an open and obvious danger")).

With respect to whether the condition was open and obvious, "[i]t is hornbook law in Pennsylvania that a person must look where he is going." *Villano v. Sec. Sav. Ass'n*, 407 A.2d 440, 441 (Pa.Super.Ct.1979). On this issue, plaintiff testified that the lighting at the store "was pretty decent" and that he could "pretty much see [his] way." Def.'s SOF, Ex. 2, 113: 8–10. He also testified that he could clearly "distinguish the rise and the step up" as he entered the store. *Id.* 113: 20–22. Based on this evidence, the Court concludes that the curb presented an open and obvious condition.

Defendant's Motion for Summary Judgment is granted with respect to plaintiff's negligence claim. Because the claim for loss of consortium is a derivative claim, the Motion is also granted with respect to that claim.

### V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted. Defendant's Motion to Preclude is denied as moot. An appropriate order follows.