# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROD SLAPPY-SUTTON, and<br>JEAN SUTTON, h/w,<br>        Plaintiffs,<br><br>      v.<br><br>SPEEDWAY LLC,<br>        Defendant. | CIVIL ACTION<br><br><br><br>NO. 16-4765 |

DuBois, J.                                                                                       July 30, 2019

## **M E M O R A N D U M**

### I. INTRODUCTION

This action arises out of a slip and fall that occurred as plaintiff Rod Slappy-Sutton ("plaintiff")[1] was exiting a Speedway convenience store on January 19, 2016, in Glenside, Pennsylvania. Plaintiff alleges in the Complaint that he tripped on an unmarked curb in front of the entrance of the Speedway, causing him to fall and rupture his left and right quadriceps. Presently before the Court is Defendant's, Speedway LLC, Motion to Preclude the Testimony of Keith A. Bergman, P.E. For the reasons that follow, defendant's Motion to Preclude is denied.

### II. BACKGROUND[2]

On January 19, 2016, plaintiff, his wife, and their 15-year-old son stopped to get gas for their vehicle at the Speedway convenience store in Glenside. Def.'s SOF ¶ 4; Pls.' SOF ¶ 4. After re-fueling his vehicle, plaintiff and his son walked towards the convenience store to purchase snacks. Def.'s SOF ¶ 10; Pls.' SOF ¶ 10. As he exited the store, plaintiff misjudged

---

[1] The Court notes that Jean Sutton, Rod Slappy-Sutton's wife, is also named as a plaintiff in the case. There is no reference to Jean Sutton in this Memorandum.

[2] All facts are adopted from the Court's Memorandum and Order ruling on Defendant's Motion for Summary Judgment, dated June 22, 2018 (Document No. 19).

the step down from the curb to the parking lot, causing him to fall. Def.'s SOF, Ex. 2, 136:11–13, 141:1.

Speedway purchased the convenience store from Hess Corporation on October 1, 2014. Def.'s SOF ¶ 5 n.3. Plaintiff had visited the store on one or two prior occasions before the incident on January 19, 2016.[3] Def.'s SOF ¶ 5; Pls.' SOF ¶ 5. In October 2015, Speedway upgraded the tank monitoring system for the underground fuel storage tanks. Def.'s SOF ¶ 27; Pls.' SOF ¶ 27. In order to run electronic telecommunication lines from the underground storage tanks to the store, a one-foot wide trench was excavated from the tanks to the store, a portion of which was in front of the curb at the entrance to the store. Def.'s SOF ¶ 28; Pls.' SOF ¶ 28. Prior to that upgrade, the pavement in front of the curb was paved with asphalt. *Id.* Following the upgrade, the store paved over the one-foot wide strip with concrete. *Id.* That upgrade left the curb and the one-foot strip extending beyond the curb paved with concrete. Plaintiff claims that Speedway knew or should have known that the failure to cover the one-foot strip of cement with black macadam or to paint the edge of the curb white or yellow to distinguish the curb from the cement strip below created a hazardous condition. Pls.' SOF ¶ 41.

Plaintiff filed this lawsuit in the Court of Common Pleas of Montgomery County on August 1, 2016. Defendant removed the action to this Court on August 31, 2016. The Complaint contains two counts – negligence (Count I) and loss of consortium (Count II). In October 2017 defendant filed a Motion for Summary Judgment and a Motion to Preclude the Testimony of Keith A. Bergman, P.E. (Document Nos. 11 & 12). This Court granted Defendant's Motion for Summary Judgment and denied Defendant's Motion to Preclude Testimony as moot. On appeal to the Third Circuit the ruling was reversed and the case was

---

[3] The parties dispute whether plaintiff's prior visits to the store occurred before or after the change in ownership of the Speedway.

remanded for further proceedings. *See Slappy-Sutton v. Speedway LLC*, 764 F. App'x 271, 273 (3d Cir. 2019). Based on that reversal, this Court must now consider Defendant's Motion to Preclude the Testimony of Keith A. Bergman, P.E. The Motion is fully briefed and ripe for decision.

### III. LEGAL STANDARD

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

That rule requires the Court to act as a gatekeeper and is applicable to scientific testimony and testimony based on "technical" and "other specialized" knowledge. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). A court must determine whether an expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152.

Rule 702 has a "liberal policy of admissibility." *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008) (quoting *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 806 (3d Cir. 1997)). As such, the "rejection of expert testimony is the exception and not the rule." *Dorman Prods. v. PACCAR, Inc.*, 201 F. Supp. 3d 663, 686 (E.D. Pa 2016) (quoting Fed. R. Evid. 702 Advisory Committee Note).

Courts must address a "trilogy of restrictions" before permitting the admission of expert testimony: qualification, reliability and fit. *Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003); *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000). The party offering the expert must

establish each requirement by a preponderance of the evidence. *In re TMI Litig.*, 193 F.3d 613, 663 (3d Cir. 1999).

## IV. DISCUSSION

To support their claims of negligence and loss of consortium, plaintiff offers a report by Keith A. Bergman, P.E. which opines, *inter alia*, that Speedway, LLC, created an unsafe and hazardous condition for customers exiting the store when it created a one-foot wide concrete strip in front of the sidewalk that was the same color as the curb and sidewalk. Def. Mot. Preclude, Ex. 13. Defendant seeks to preclude Bergman's testimony based on the report, arguing that Bergman relies solely on his *ipse dixit* and that his opinions do not meet the admissibility requirements of Rule 702. For the reasons that follow, the Court denies defendant's Motion to Preclude.

### A. Qualification

"To qualify as an expert, Rule 702 requires the witness to have 'specialized knowledge' regarding the area of testimony." *Betterbox Commc'ns Ltd. v. BB Techs., Inc.*, 300 F.3d 325, 335 (3d Cir. 2002) (quoting *Waldorf v. Shuta*, 142 F.3d 601, 625 (3d Cir. 1998)). The Third Circuit has instructed courts to interpret the qualification requirement "liberally" and not to insist on a certain kind of degree or background when evaluating the qualifications of an expert. *See Waldorf*, 142 F.3d at 625.

In this case, plaintiff's expert, Bergman has specialized knowledge about commercial development including curb layout, design and construction. Pl. Resp. 3–4. Mr. Bergman is a civil engineer who has decades of experience in land development projects, both residential and commercial. *Id.* Bergman's work as a civil engineer involves both site layout and formal

4

design, and he has worked on many commercial facilities "nearly identical" to the Speedway convenience store such as Wawa and Sunoco stores. *Id.*

Based on this professional experience, the Court concludes that Bergman meets the qualification requirement under Rule 702 to offer an opinion as to whether the curb at issue created an unsafe or hazardous condition.

### B.  Reliability

The reliability requirement "means that the expert's opinion must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation'; the expert must have 'good grounds' for his or her belief." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993)).  The test of reliability is "flexible" and "the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination." *Kumho Tire*, 526 U.S. at 141–42 (emphasis omitted).

Defendant argues that Bergman's testimony is not reliable because he relies solely on his *ipse dixit*.  Specifically, defendant claims that Bergman's opinion is lacking because he did no testing, did not perform any studies, took no notes of how people safely stepped onto or off of the curb, did not determine the sufficiency of the lighting, and did not speak with plaintiff directly.  Def. Mot. 11–12.

Although Bergman did not conduct any studies or perform any tests, such methods are not required to demonstrate reliability.  Bergman's opinion is not unreliable simply because he did not pursue every possible means of developing his opinion.  "As long as an expert's scientific testimony rests upon 'good grounds, based on what is known,' it should be tested by the adversary process—competing expert testimony and active cross-examination—rather than

excluded from jurors' scrutiny for fear that they will not grasp its complexities or satisfactorily weigh its inadequacies." *United States v. Mitchell*, 365 F.3d 215, 244 (3d Cir. 2004) (quoting *Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co.*, 161 F.3d 77, 85 (1st Cir. 1998)).

Bergman appropriately relied on inspections of the scene of the accident, measurements and photographs taken at the scene of the accident, surveillance footage of the accident, case materials including the deposition testimony of plaintiff and two Speedway employees, applicable codes and standards, and his own expertise as a civil engineer with significant experience in commercial land development. *See* Pl. Resp. 7–8. As a result, Bergman's opinion is based on good grounds. To the extent that defendant seeks to challenge Bergman's opinion, they can do so through cross-examination at trial.

Thus, the Court concludes that Bergman's opinion meets the requirement of reliability under Rule 702.

**C. Fit**

The third step in Rule 702's admissibility analysis requires the Court to evaluate whether Bergman's expert opinions meet the requirement of "fit" by "assist[ing] the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. "This condition goes primarily to relevance. Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591 (internal citations omitted).

Bergman's testimony is relevant and will assist the finder of fact in determining whether defendant was negligent. Specifically, Bergman's testimony will assist a jury in understanding typical curb design and the applicability of the codes and standards cited in Bergman's report, including the Code of Cheltenham Township, the International Property Management Code, and the standards of the American Society for Testing and Materials. Although defendant contests

the strength of the evidence and the applicability of the code provisions and standards cited by Bergman, these concerns can be appropriately addressed at trial through cross-examination.

As a result, the Court concludes that Bergman's opinion meets the requirement of fit under Rule 702.

V.      CONCLUSION

For the foregoing reasons, Defendant's, Speedway LLC, Motion to Preclude the Testimony of Keith A. Bergman, P.E. is denied.  An appropriate order follows.